<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|                        |   |                          |
|------------------------|---|--------------------------|
| STEVEN GROHS,          | : | Civil No. 09-5273 (NLH)  |
|                        | : |                          |
| Plaintiff,             | : |                          |
|                        | : | **O P I N I O N**        |
| v.                     | : |                          |
|                        | : |                          |
| GEORGE W. HAYMAN, et al., | : |                       |
|                        | : |                          |
| Defendants.            | : |                          |

**APPEARANCES:**

> STEVEN GROHS, 141629B, Plaintiff <u>Pro Se</u>
> South Woods State Prison
> 215 Burlington Road South
> Bridgeton, New Jersey 08302

**HILLMAN**, District Judge:

Steven Grohs, a New Jersey sentenced prisoner, seeks to bring this action <u>in forma pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison account statement and the apparent absence of three qualifying dismissals, pursuant to 28 U.S.C. § 1915(g), this Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> and direct the Clerk to file the Complaint, as amended, without prepayment of the filing fee.[1]  <u>See</u> 28 U.S.C. § 1915(a).

---

[1] Plaintiff filed a motion (Docket Entry #3) to replace the Complaint with the Amended Complaint (attached to the motion), and a motion (Docket Entry #4) for emergent ex parte relief enjoining defendants from being deliberately indifferent to Plaintiff and conspiring against Plaintiff, ordering defendants to switch Plaintiff's cell mate to someone more suitable, and
(continued...)

Having thoroughly reviewed Plaintiff's allegations in the
Complaint, as amended, this Court will dismiss the Complaint and
the Amended Complaint for failure to state a claim upon which
relief may be granted, without prejudice to the filing of a
second amended complaint stating a cognizable claim under 42
U.S.C. § 1983.

## I.   BACKGROUND

Plaintiff brings this action against the Department of
Corrections, prior Commissioner George W. Hayman, Administrator
Karen Balicki, and corrections officers Hanby, Jackson and
D'Amico.  Plaintiff alleges that the following events occurred
while Plaintiff was incarcerated at South Woods State Prison
("SWSP").  He asserts that on three occasions in August 2009,
corrections officer Jackson stated, in the presence of other
inmates and officers, that Plaintiff was a convicted child
molester.[2]  Plaintiff alleges that from August 10 through 22,

---

[1](...continued)
directing defendants to investigate his grievances about certain
corrections officers.  This Court will grant the motion to file
an amended complaint because Plaintiff is entitled to file the
amended pleading under Fed. R. Civ. P. 15(a)(1).  Because
Plaintiff notified the Clerk by letter on January 7, 2010, that
he is withdrawing the motion for emergent injunctive relief
(because the Department of Corrections is investigating claims
raised in his administrative remedies and transferring him to
another area of the facility), this Court will deny the motion
for injunctive relief without prejudice as withdrawn.

[2] Plaintiff does not deny that he is a convicted child
molester.  See supra at n. 4.

2009, officers "Jackson and D'Amico verbally harassed Plaintiff as often as they could, in the absence of their superior officer(s)." (Am. Compl. ¶ 18.)  On August 21, 2009, officer D'Amico "opened legal mail of Plaintiff, which consisted of a one (1) page letter from a Superior Court Judge, and D'Amico took over a minute to inspect the page for contraband."  (Id. ¶ 17.) Plaintiff asserts that on August 22, 2009, Plaintiff submitted an inmate grievance regarding the aforesaid conduct of Jackson and D'Amico and, as a result, "Plaintiff was interviewed by Sgt. Thomas, who found some merit to the allegations of Plaintiff, and purportedly reprimanded both Jackson and D'Amico."  (Id. ¶ 20.)

Plaintiff further alleges that on September 21, 2009, Jackson stated to Plaintiff, in the presence of other inmates and officers:  "So you wanna f—king file papers on me; you f—king a-- hole; Get the f--k outa here you f—king piece of sh-t; Go ahead and file on this too you little f--k!  I'm gonna write that mothrerf—er up for something even if it's B.S."  (Am. Compl. ¶ 21.)  Plaintiff asserts that "Jackson intentionally assaulted Plaintiff by throwing a legal envelope at the torso of Plaintiff, at the same time he was making the last aforesaid statements." (Id. ¶ 22.)  On September 22, 2009, Plaintiff allegedly submitted a second inmate grievance regarding Jackson's conduct.  (Id. ¶ 23.)

Plaintiff states that on September 27, 2009, corrections officer Hanby stated the following as he entered Plaintiff's cell: "It was brought to my attention that you like filing grievances on officers." (Am. Compl. ¶ 24.) Plaintiff alleges that, after instructing Plaintiff to vacate the cell, Hanby conducted a search. Plaintiff asserts that when he returned to the cell, Plaintiff's belongings were strewn about the cell, with papers thrown on the floor and stained with sugar, coffee and other food items belonging to Plaintiff. (Id. ¶ 26.) Plaintiff asserts that, "[a]s a direct and proximate result that Hanby destroyed the documents of Plaintiff, 53 documents are no longer viable for litigational purposes of Plaintiff. The destroyed documents include, but are not strictly limited to, complaints, discovery papers, DOC records, and parole documents. Thus, Plaintiff has suffered the loss to effectively litigate his active court cases." (Id. ¶ 32.) On September 28, 2009, Plaintiff allegedly submitted another inmate grievance form alleging that the search was not random, that Plaintiff posed no threat nor possessed any contraband, and that the search was retaliatory. (Id. ¶¶ 34-37.)

Plaintiff further alleges that, although Defendant Balicki knew of similar misconduct by Jackson, D'Amico and Hanby prior to August 22, 2009, she failed to take appropriate measures to prevent the aforesaid events. (Am. Compl. ¶¶ 31-38.) In

4

addition, Balicki and Hayman allegedly failed to take appropriate measures in response to Plaintiff's administrative remedies.

Plaintiff contends that the search and destruction of his papers during the search violated his First Amendment right to avoid retaliation for filing grievances, his First Amendment right of access to courts, and his Fourth Amendment rights; that defendants inflicted cruel and unusual punishments in violation of the Eight Amendment; and that Hayman and Balicki violated his rights by failing to train, supervise and control the individual defendants.  Plaintiff also seeks to assert claims arising under New Jersey law.

## II.  STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

After the decision of the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided District Courts with guidance as to what pleadings are sufficient to pass muster under Rule 8. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' . . . ." Twombly, 127 S. Ct. at 1964-65 . . . ."[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966. [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3.

Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the Supreme Court in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court stated as follows:

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and

6

conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555.  [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.  Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'"  Id. at 557 (brackets omitted).  [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [, i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . .  It is the conclusory nature of [these] allegations . . . that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn [on] the discovery process.  Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint asserts some wrongs] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope of developing actual facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

     The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth

in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[3] which was
applied to federal complaints before Twombly.  See Fowler v. UPMC
Shadyside, 578 F.3d 203 (3d Cir. 2009).  In light of Iqbal, the
Third Circuit requires District Courts to conduct, with regard to
Rule 8 allegations, a two-part analysis when reviewing a
complaint for dismissal for failure to state a claim:

> First, the factual and legal elements of a
> claim should be separated.  The District
> Court must accept all of the complaint's
> well-pleaded facts as true, but may disregard
> any legal conclusions.  [See Iqbal, 129 S.
> Ct. at 1949-50].  Second, a District Court
> must then determine whether the facts alleged
> in the complaint are sufficient to show that
> the plaintiff has a "plausible claim for
> relief" [in light of the definition of
> "plausibility" provided in Iqbal.]  In other
> words, a complaint must do *more than allege
> the plaintiff's entitlement to relief*.  A
> complaint has to "show" such an entitlement
> with its facts.  See Phillips, 515 F.3d at
> 234-35.  As the Supreme Court instructed in
> Iqbal, "[w]here the well-pleaded facts do not
> permit the court to infer more than the *mere
> possibility of misconduct, the complaint has
> alleged-but it has not 'show*[n]'-*'that the
> pleader is entitled to relief*.'"  Iqbal, [129
> S. Ct. at 1949-50 (emphasis supplied)].  This
> "plausibility" determination will be "a
> context-specific task that requires the
> reviewing court to draw on its judicial
> experience and common sense." Id.

Fowler, 578 F.3d at 210-11 (emphasis supplied).

---

[3]   The Conley court held that a district court was permitted
to dismiss a complaint for failure to state a claim only if "it
appear[ed] beyond doubt that the plaintiff can prove no set of
facts in support of his claim which would entitle him to relief."
Conley v. Gibson, 355 U.S. at 45-46.

With these precepts in mind, and mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, see Erickson v. Pardus, 551 U.S. 89 (2007), the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of

> any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable
> to the party injured in an action at law,
> suit in equity, or other proper proceeding
> for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

A.  Eighth Amendment

Plaintiff asserts that certain defendants violated his Eighth Amendment rights by (1) verbally harassing him, (2) stating in front of other inmates and officers in August 2009 that Plaintiff is a child molester, and (3) throwing an envelope containing papers at him.  To the extent that Plaintiff seeks to state a § 1983 claim based on verbal harassment, Plaintiff's allegations fail to state a § 1983 claim as a matter of law.  See Kurtz v. City of Shrewsbury, 245 F. 3d 753, 758-59 (8th Cir. 2001) ("alleged verbal harassment in the form of threats and unflattering remarks directed at plaintiffs, does not rise to the level required to establish a constitutional violation"); Bender v. Brumley, 1 F. 3d 271, 274 n.4 (5th Cir. 1993) ("mere

10

allegations of verbal abuse do not present actionable claims under § 1983"); Hopson v. Fredericksen, 961 F. 2d 1374, 1378-79 (8th Cir. 1992) (police officer's use of racial slur and threat to knock arrestee's teeth out do not state § 1983 claim).

Plaintiff alleges that on three occasions in August 2009 certain defendants stated in the presence of other inmates that Plaintiff is a child molester.[4]  Prison officials have a duty under the Eighth Amendment to "take reasonable measures to guarantee the safety of the inmates."  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-7 (1984)).  To state a failure-to-protect claim under § 1983, an inmate must show that he is objectively "incarcerated under conditions posing a substantial risk of serious harm" (the objective component), and that the defendant knows of and fails to respond reasonably to that risk (the subjective component). Farmer, 511 U.S. at 837.  To satisfy the subjective component, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

---

[4] According to the online Inmate Locator of the New Jersey Department of Corrections, Plaintiff is serving a three to five-year term of incarceration for attempting to lure or entice a child in violation of N.J. Stat. Ann. § 2C:13-6.  See Offender Search, N.J. Dept. of Corrections, https://www6.state.nj.us /DOC_Inmate/details?x=1420493&n=0 (last accessed May 25, 2010).

As written, Plaintiff's claim based on being labeled a child molester fails to satisfy either the objective element or the subjective element.  Plaintiff does not assert facts showing that he in fact faces a substantial risk of serious harm of being assaulted by other inmates as a result of being exposed as a child molester.  Although an inmate need not wait until an actual assault takes place, to state a failure-to-protect claim, he must assert facts showing the existence of a "pervasive risk of harm." Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).  "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." Id. Plaintiff does not assert facts showing that, as a result of defendants' statements, inmate(s) either harmed Plaintiff or that harm is imminent.  Because Plaintiff's allegations do not show that he faced an excessive risk of harm, the allegations fall "short of alleging that the risk to which he was purportedly subjected was substantial." Day v. Federal Bureau of Prisons, 233 Fed. App'x 132, 134 (3d Cir. 2007); see also Matthews v. Villella, 2010 WL 2017664 at *2 (3d Cir. 2010) (single incident does not allege pervasive risk of harm necessary to state failure-to-protect claim).

Plaintiff's allegations likewise fail to satisfy the subjective component.  Plaintiff does not assert that the named

defendants, including the supervisory officials, knew that Plaintiff faced an excessive risk of assault, or "that a substantial risk of . . . attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it."  Farmer, 511 U.S. at 842.

Because Plaintiff's Amended Complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Iqbal, 129 S. Ct. at 1949, and does not plead factual content that allows this Court to draw the reasonable inference that the named defendants are liable for the misconduct alleged, this Court is constrained to dismiss the failure-to-protect claim.  However, because Plaintiff's allegations do not foreclose the possibility that one or more officials were deliberately indifferent to a known excessive risk of assault to Plaintiff, the dismissal is without prejudice to the filing of an amended complaint that includes a cognizable failure-to-protect claim.

Plaintiff also asserts that "Jackson intentionally assaulted Plaintiff by throwing a legal envelope at the torso of Plaintiff, at the same time he was making the last aforesaid statements." (Compl. ¶ 22.)  This Court construes this as an attempt to state an Eighth Amendment excessive force claim.  The Eighth Amendment

13

prohibits prison officials from unnecessarily and wantonly inflicting pain on inmate.  See Wilkins v. Gaddy, 130 S. Ct. 1175 (2010); Hudson v. McMillian, 503 U.S. 1, 6 (1992).  Whether the use of force rises to an unconstitutional level is determined by "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm."  Hudson, 503 U.S. at 6 (quoting Whitley v. Albers, 474 U.S. 312, 320-21 (1986)).

Plaintiff's excessive force claim fails as a matter of law and will be dismissed with prejudice because throwing an envelope containing papers neither inflicts pain nor constitutes excessive physical force under the Eighth Amendment.  See Wilkins, 130 S. Ct. at 1178 ("inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim") (quoting Johnson v. Glick, 481 F. 2d 1028, 1033 (2d Cir. 1973)); Hudson, 503 U.S. at 9 (not "every malevolent touch by a prison guard gives rise to a federal cause of action").

B.  Access to Courts

Plaintiff asserts that on August 21, 2009, officer D'Amico "opened legal mail of Plaintiff, which consisted of a one (1) page letter from a Superior Court Judge, and D'Amico took over a minute to inspect the page for contraband."  (Compl. ¶ 17.)  In addition, Plaintiff alleges that on September 27, 2009, during a

14

cell search, officer Hanby threw about the cell the contents of
20 envelopes and then he ground sugar, coffee and other food
items into Plaintiff's papers.  (Id. ¶ 26.)  Plaintiff asserts
that, "[a]s a direct and proximate result that Hanby destroyed
the documents of Plaintiff, 53 documents are no longer viable for
litigational purposes of Plaintiff.  The destroyed documents
include, but are not strictly limited to, complaints, discovery
papers, DOC records, and parole documents.  Thus, Plaintiff has
suffered the loss to effectively litigate his active court
cases."  (Id. ¶ 32.)

Under the First and Fourteenth Amendments, prisoners retain
a right of access to the courts.  See Lewis v. Casey, 518 U.S.
343, 346 (1996); Monroe v. Beard, 536 F. 3d 198, 205 (3d Cir.
2008).  "Where prisoners assert that defendants' actions have
inhibited their opportunity to present a past legal claim, they
must show (1) that they suffered an 'actual injury' - that they
lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying
claim; and (2) that they have no other 'remedy' that may be
awarded as recompense' for the lost claim other than in the
present denial of access suit."  Monroe at 205 (quoting
Christopher v. Harbury, 536 U.S. 403, 415 (2002)).  To establish
standing, "[t]he complaint must describe the underlying arguable
claim well enough to show that it is 'more than mere hope,' and

it must describe the 'lost remedy.'" Monroe at 205-206 (quoting Christopher at 416-17).

In Monroe, the United States Court of Appeals for the Third Circuit affirmed dismissal of inmates' access to the courts claim for failure to state a claim that was based on the confiscation of legal materials:

> In this case, the defendants confiscated all of the plaintiffs' . . . legal materials, including their legal briefs, transcripts, notes of testimony, exhibits, copies of reference books, treatises, journals, and personal handwritten notes.  In their initial pleadings, the plaintiffs' claim rested solely on the ground that the defendants confiscated their legal materials, contraband and non-contraband alike.  That claim, on its face, was insufficient to state a claim under Harbury.  So too were their subsequent amendments, which alleged that they lost the opportunity to pursue attacks of their convictions and civil rights claims but did not specify facts demonstrating that the claims were nonfrivolous.  Nor did they maintain that they had no other remedy to compensate them for their lost claims.  Even liberally construing their complaints as we must do for pro se litigants, they do not sufficiently allege that they have suffered actual injury.

Monroe, 536 F. 3d at 206 (citations and footnote omitted).

The Complaint before this Court suffers the same pleading deficiencies as the complaints in Monroe.  Accordingly, this Court will dismiss the First Amendment access to courts claim.[5]

---

[5] To the extent that Plaintiff raises a due process claim based on the destruction of his legal materials, that claim is
(continued...)

16

See <u>Gibson v. Superintendent of N.J. Dep't of Law & Public
Safety-Div. of State Police</u>, 411 F. 3d 427, 444-45 (3d Cir. 2005)
(dismissing denial of access claim for failure to specify causes
of action lost).  However, because Plaintiff may be able to
correct the aforesaid pleading deficiencies by filing a second
amended complaint, the dismissal will be without prejudice to the
filing of a second amended complaint stating a cognizable access
to courts claim within 30 days.  See <u>Grayson v. Mayview State
Hosp.</u>, 293 F. 3d 103, 108 (3d Cir. 2002).

C.   Fourth Amendment

      Plaintiff complains that officer Hanby unreasonably searched
his cell and destroyed (seized) his legal papers.  This claim
fails because "[p]risoners do not have a right to privacy and
freedom from unreasonable searches during incarceration."
<u>Tindell v. Beard</u>, 351 Fed. App'x 591, 594 (3d Cir. 2009); <u>Hudson
v. Palmer</u>, 468 U.S. 517, 526 (1984); <u>Doe v. Delie</u>, 257 F. 3d 309,
316 (3d Cir. 2001).  This Court will dismiss the Fourth Amendment
claim with prejudice for failure to state a claim upon which
relief may be granted.  <u>Id.</u>

---

[5](...continued)
also dismissed.  In <u>Monroe</u>, the Court of Appeals dismissed the
inmates' procedural due process claim on the grounds that pre-
deprivation notice is not constitutionally required and the
prison grievance procedure provided an adequate post-deprivation
remedy for the loss.  See <u>Monroe</u>, 536 F. 3d at 210.

D.  Retaliation

Plaintiff alleges that on September 27, 2009, officer Hanby stated the following as he entered Plaintiff's cell:  "It was brought to my attention that you like filing grievances on officers."  (Am. Compl. ¶ 24.)  Plaintiff alleges that, after instructing Plaintiff to vacate the cell, Hanby conducted a search.  Plaintiff asserts that when he returned to the cell, Plaintiff's belongings were strewn on the floor and his papers were covered and stained from ground-in sugar, coffee and other food items that Plaintiff kept in his cell.  (Id. ¶ 26.) Plaintiff asserts that two days later, he submitted another inmate grievance form in which he complained about the search and destruction of his papers, alleging that the search was not random, that Plaintiff posed no threat nor possessed any contraband, and that the search was retaliatory.  (Id. ¶¶ 34-37.)

An official who retaliates against an inmate for exercising his constitutional rights may be liable under § 1983.  See Rauser v. Horn, 241 F. 3d 330, 333 (3d Cir. 2001).  "Official reprisal for protected speech 'offends the Constitution [because] it threatens to inhibit exercise of the protected right.'"  Hartman v. Moore, 547 U.S. 250, 256 (2006) (quoting Crawford-El v. Britton, 523 U.S. 574, 588 n.10 (1998)).  "A prisoner alleging retaliation must show (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a

18

person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him." Mitchell v. Horn, 318 F. 3d 523, 530 (3d Cir. 2003) (internal quotation marks and citations omitted).

Plaintiff engaged in conduct protected by the First Amendment by submitting non-frivolous grievances to prison officials, both before and after the cell search by Hanby. However, Plaintiff's allegations do not suggest that the alleged cell search and ensuing destruction of Plaintiff's paperwork were sufficient to deter a prisoner of ordinary firmness from continuing to submit grievances.  Plaintiff asserts that he submitted another grievance complaining of the cell search and paperwork destruction two days after the search.  As there is nothing in the Complaint to support an inference that Plaintiff is an especially hardy prisoner when it comes to complaining about guards, the Complaint, as written, fails to assert facts under the Iqbal plausibility standard showing that the cell search by Hanby was sufficiently adverse to deter an inmate of ordinary firmness from filing non-frivolous grievances.[6]  This

---

[6] See Burgos v. Canino, 358 Fed. App's 302, 306-07 (3d Cir. 2009) (urinalysis, harassment, threats, temporary inconveniences, and denial of recreation did not rise to level of adverse action against prisoner); Couch v. Bd. of Trustees of Memorial Hosp. of Carbon County, 587 F. 3d 1223, 1243 (10th Cir. 2009) ("An investigation of potential misconduct . . . will generally not
(continued...)

Court will accordingly dismiss the retaliation claim under §
1983.  Because Plaintiff may be able to assert a retaliation
claim by alleging additional facts in a second amended complaint,
the dismissal of this claim is without prejudice to same.

This Court is dismissing every potential federal claim
raised in the Complaint.  Because Plaintiff may be able to assert
facts stating a cognizable claim under 42 U.S.C. § 1983 regarding
failure-to-protect, access to courts, and retaliation, the
dismissal of the Complaint will be without prejudice to the
filing of an amended complaint stating such claim(s) under §
1983.  See Grayson v. Mayview State Hosp., 293 F. 3d 103 (3d Cir.
2002); Shane v. Fauver, 313 F. 3d 113 (3d Cir. 2000).

---

6(...continued)
constitute an adverse employment action"); Bridges v. Gilbert,
557 F. 3d 541, 555 (7th Cir. 2009) ("single retaliatory charge
that is later dismised is insuficient to serve as the basis of a
§ 1983 action"); Ingram v. Jewell, 94 Fed. App'x 271, 273 (6th
Cir. 2004) (neither loss of an extension cord, the cost of the
cord, nor 14 days of lost privileges constitutes adverse action
that would deter a prisoner of ordinary firmness from filing
grievances); Smith v. Yarrow, 78 Fed. App'x 529, 541 (6th Cir.
2003) ("An isolated incident such as this is not likely to deter
a p[risoner] of ordinary firmness from pressing on with his
lawsuit"); Apanovitch v. Wilkinson, 32 Fed. App'x 704, 706-07
(6th Cir. 2002) (where "actions that the defendants allegedly
took in response to the lawsuit may have made life more
unpleasant for [plaintiffs, t]hey were not, however, so
dfifferent from other inmates' conditions of confinement as to .
. . act as a deterrent against filing lawsuits"); Thaddeus-X v.
Blatter, 175 F. 3d 378, 398 (6th Cir. 1999) ("Prisoners may be
required to tolerate more than public employees, who may be
required to tolerate more than average citizens, before an action
taken against them is considered adverse").

## IV.   CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint and Amended Complaint, without prejudice to the filing of a second amended complaint.  The Court will enter an appropriate Order.


                              /s/ NOEL L. HILLMAN
                              **NOEL L. HILLMAN, U.S.D.J.**

Dated:   June 8, 2010

At Camden, New Jersey

21