**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STEVEN GROHS,

        Plaintiff,

    v.

GEORGE W. HAYMAN, et al.,

        Defendants.

Civil No. 09-5273 (NLH)

**MEMORANDUM OPINION**

It appearing that:

1.  Steven Grohs, who is currently civilly committed to the Special Treatment Unit as a sexually violent predator, filed an Amended Complaint (Docket Entry #10) against the Department of Corrections, prior Commissioner George W. Hayman, Administrator Karen Balicki, and corrections officers Hanby, Jackson and D'Amico.  Plaintiff asserted violation of his constitutional rights under 42 U.S.C. § 1983 arising from his incarceration as a prisoner at South Woods State Prison ("SWSP") in 2009.

2.  On June 8, 2010, this Court dismissed the Amended Complaint.  (Docket Entry Nos. 8, 9.)  This Court granted Plaintiff leave to file a second amended complaint stating a cognizable claim under 42 U.S.C. § 1983 for failure-to-protect under the Eighth Amendment, access to courts under the First Amendment, and retaliation under the First Amendment.  (Id.)

3. On July 7, 2010, Plaintiff filed a Second Amended Complaint naming corrections officers Hanby, Jackson, and D'Amico as defendants. (Docket Entry #11.) The Second Amended Complaint attempts to correct the deficiencies in the Amended Complaint and to assert § 1983 claims of failure-to-protect, access to courts, and retaliation.

A. Failure to Protect

4. This Court dismissed the failure-to-protect claim in the Amended Complaint because (a) Plaintiff did not assert facts showing he faced a substantial risk of serious harm of being assaulted by inmates as a result of statements made by defendants which revealed that he was a child molester (objective component), and (b) Plaintiff did not assert facts showing that defendants were deliberately indifferent to a substantial risk of harm. (Docket Entry #8, pp. 12-13.)

5. In the Second Amended Complaint, Plaintiff asserts that in July 2009, defendants Jackson and D'Amico asked him what he was convicted of, and when Plaintiff answered evasively, Jackson stated that he would look his conviction up on the computer. (Docket Entry #11, pp. 7-9.) Plaintiff alleges that later that month, Jackson and D'Amico began to call Plaintiff a child

molester in front of other inmates.  Plaintiff asserts that inmate Christopher Crouch repeated defendants' taunts and "told plaintiff he hated child molesters.  Subsequently, on or about August 2, 2009, this inmate attacked plaintiff . . . because he hates child molesters."  (Id. at p. 8.)  Plaintiff states that he was charged with fighting, but the charge was rescinded on August 14, 2009.  Plaintiff further alleges that

> other inmates, likeminded as inmate Crouch, expressed derogatory behavior towards plaintiff and/or otherwise accosted plaintiff with, what plaintiff took as, idle threats.  DOC records indicate that plaintiff was given a housing unit change.
>
> Among DOC officers and the inmate general population, it is a well known fact that a majority of inmates despise child molesters and they often assault those inmates incarcerated for a sex-crime.  Armed with such knowledge, Jackson and D'Amico knew that their aforesaid language would ultimately cause an excessive risk for plaintiff.

(Docket Entry #11, p. 8.)

    6.  Plaintiff alleges that defendants created a substantial risk of harm by calling him a child molester in front of inmates, that on August 2, 2009, inmate Crouch attacked Plaintiff because Crouch hates child molesters, and that officials thereafter moved Plaintiff to a different housing unit.  But the allegations in the Second Amended Complaint do not correct the deficiencies cited in this Court's Opinion.

7. As this Court noted in its prior Opinion, to satisfy the objective component, an inmate must state facts showing a pervasive risk of harm, which "may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." Riley v. Jeffes, 777 F. 2d 143, 147 (3d Cir. 1985). Because Plaintiff has alleged a single incident, his allegations fall "short of alleging that the risk to which he was purportedly subjected was substantial." Day v. Federal Bureau of Prisons, 233 Fed. App'x 132, 134 (3d Cir. 2007); see also Matthews v. Villella, 2010 WL 2017664 at *2 (3d Cir. 2010) (single incident does not allege pervasive risk of harm necessary to state failure-to-protect claim).[1]

8. Nor do Plaintiff's amended allegations satisfy the deliberate indifference standard. To satisfy the deliberate indifference standard, an inmate must assert facts showing that the defendant knows of a substantial risk and fails to respond reasonably to that risk. Farmer v. Brennan, 511 U.S. 825, 837 (1994). In this case, officials reasonably responded to the

---

[1] To the extent that Plaintiff attempts to assert that, by mentioning that Plaintiff was convicted of a child sex crime, Jackson and D'Amico created a substantial risk of harm, this Court rejected such a claim when it dismissed the Amended Petition. To the extent that Plaintiff faces a risk, the risk was created by his conviction for attempting to lure or entice a child, a fact which is not private or secret, but is a matter of public record available to anyone who has access to the internet. See Docket Entry #8, n.4.

attack on Plaintiff by rescinding the disciplinary charge of fighting and moving Plaintiff to a different unit.

B.  Access to Courts

9.  This Court dismissed the access to courts claim because Plaintiff's allegations in the Amended Complaint did not "show (1) that [he] suffered an 'actual injury' - that [he] lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that [he] ha[s] no other 'remedy' that may be awarded as recompense' for the lost claim other than in the present denial of access suit."  Monroe v. Beard, 536 F. 3d 198, 205 (3d Cir. 2008) (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)). "The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" Monroe at 205-206 (quoting Christopher at 416-17).

10.  In the Second Amended Complaint, Plaintiff asserts that he suffered actual injury as a result of defendant Hanby's destruction of his legal documents on September 27, 2009, in that the parole board denied Plaintiff parole at a hearing on October 30, 2009, and the United States District Court for the Southern District of Florida rejected Plaintiff's amended complaint in

5

Grohs v. Florida, Civil No. 08-81171 (KAM) (S.D. Fla. filed Oct. 29, 2008).

11. As to parole, Plaintiff asserts that Hanby destroyed a parole board form inviting him to submit corrections or additions to his parole package and, "plaintiff was unable to timely submit correctional and additional information for the board's consideration." (Docket Entry #11, pp. 11-12.) Plaintiff maintains that, since he did not submit the form and the parole board was not interested when he attempted to correct erroneous information regarding a prior conviction at the parole hearing, he was denied parole on October 30, 2009. "Other than filing an appeal of the parole board's denial, which may have been frivolous because it was plaintiff's responsibility to timely submit any corrections of or additions to the aforesaid information, plaintiff has no other remedy that may be awarded as recompense." (Id. at p. 12.)

12. Plaintiff's allegations regarding the destruction of the parole form by Hanby do not state an access to courts claim. Plaintiff does not satisfy the actual injury requirement because his allegations do not show that he lost a chance to pursue a non-frivolous parole claim as a result of Hanby's conduct. First, in the absence of the parole form, Plaintiff could have submitted a letter to the parole board containing the information he wanted to include on the form. Second, Plaintiff's

allegations show that he informed the parole board of the information at the parole hearing.  Third, since parole is discretionary and Plaintiff was civilly committed as a sexually violent predator when his term expired, his claim to parole release was nothing "more than mere hope."  Monroe, 536 F. 3d at 206.  Finally, Plaintiff could have appealed the denial of parole to the Superior Court, Appellate Division.

    13.  Plaintiff asserts that the United States District Court for the Southern District of Florida rejected his amendment to a complaint in Grohs v. Florida, Civil No. 08-81171 (S.D. Fla. filed Oct. 29, 2008), because Hanby destroyed Plaintiff's research material and he could not research law for a Florida federal case while incarcerated in New Jersey.  (Docket Entry #11, pp. 14-15.)

    14.  This Court has reviewed the docket in Grohs v. Florida, Civil No. 08-81171 (KAM) (S.D. Fla. filed Oct. 29, 2008).  In that case, Plaintiff initially sued the prosecutor, public defender, judge and state of Florida for alleged constitutional violations in his Florida criminal prosecution.  After United States District Judge Kenneth Marra dismissed the complaint, Plaintiff sought to amend the complaint by suing only the public defender for inadequate representation in his Florida criminal appeal.  Judge Marra denied leave to amend on the ground that the public defender was not acting under color of state law, see Polk

County v. Dodson, 454 U.S. 312 (1981), and ruled that further amendment would be futile.

15. This Court finds that Plaintiff's allegations that defendant Hanby destroyed his research with respect to the Florida case does not state an access to courts claim, as Plaintiff did not lose a non-frivolous claim as a result of Hanby's conduct.

C. Retaliation

16. This Court dismissed Plaintiff's retaliation claim in the Amended Complaint because his allegations did not show adverse action. Plaintiff asserts in the Second Amended Complaint that he filed a grievance regarding defendants' conduct on August 22, 2009. (Docket Entry #11, pp. 16-18.) "Directly following the submittal of the August 22 grievance, Jackson, and D'Amico by proxy, initiated a reprisal act against plaintiff because plaintiff submitted the grievance. The reprisal prompted plaintiff to grieve the reprisal with use of a September 22, 2009, grievance. Directly following the submittal of the second grievance, Hanby initiated a reprisal act against plaintiff. The reprisal prompted plaintiff to grieve the reprisal and the loss of personal property with the use of two (2) grievances." (Id., pp. 16-17.) Plaintiff further alleges that Lt. Clark interviewed him with respect to these grievances. He insists that the unspecified acts of reprisal were sufficient to deter an inmate

of ordinary firmness in pursuing his rights, since he has not filed additional grievances beyond the four described here.

17. Because the Second Amended Complaint does not describe what the allegedly retaliatory actions were, it fails to allege facts showing adverse action, a necessary element of a retaliation claim. See Mitchell v. Horn, 318 F. 3d 523, 530 (3d Cir. 2003). As this Court previously held that the alleged cell search by Hanby was not sufficiently adverse to deter an inmate of ordinary firmness from filing non-frivolous grievances, see Docket Entry #8, pp. 19-20 & n.6, and Plaintiff alleges no other allegedly adverse action, this Court will dismiss the retaliation claim raised in the Second Amended Complaint.

18. This Court is dismissing all the federal claims presented in the Second Amended Complaint. Since Plaintiff has had three opportunities to assert facts stating a § 1983 claim and he has failed to do so, further amendment would be futile. Accordingly, the dismissal of the Second Amended Complaint is with prejudice.

19. Plaintiff also seeks to assert claims arising under New Jersey law. Since this Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3). See United Mine Workers v.

Gibbs, 383 U.S. 715, 726 (1966); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).

    20.   An appropriate Order accompanies this Opinion.


                                       /s/ Noel L. Hillman  
                                       **NOEL L. HILLMAN, U.S.D.J.**

Dated:  April 29, 2011

At Camden, New Jersey